UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRAWDON CARTER,                )
                               )
        Plaintiff,             )
                               )
    vs.                        )   Case No. 4:02CV01256 ERW
                               )
UNITED STATES OF AMERICA       )
                               )
                               )
        Defendant.             )

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Government's Motion to Dismiss Plaintiff's Rule 41 Request for Return of Personal Property [doc. #28].

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was charged in federal court in a two-count information with (1) conspiracy to distribute and possess with the intent to distribute cocaine and (2) money laundering. On January 10, 1997, he pleaded guilty to both counts, and on January 12, 1998, he was sentenced to a term of 112 months on each count, to run concurrently. Plaintiff filed a Motion for Return of Property ("Rule 41 Motion") in his criminal case. In an Order dated July 30, 2002, the Court determined that the Rule 41 Motion would more properly be considered in a separate civil proceeding and therefore required that the action be transferred from the criminal case to a new civil suit. The Court later determined that the Rule 41 Motion should be construed as one for summary judgment and gave the parties adequate opportunity to be heard. In an Order dated April 25, 2003, the Court made a final decision on Plaintiff's Rule 41 Motion by determining that Plaintiff was entitled to the return of certain property. Because Defendant no longer had the property to which Plaintiff was entitled, the Court also transferred Plaintiff's claim to the United States Court of Federal Claims for further adjudication.

On October 21, 2003, Plaintiff filed an Amended Complaint with the Court of Federal Claims, requesting the return of certain seized property that had not been the subject of his earlier Rule 41

1

Motion. Defendant requested that the Court of Federal Claims dismiss the additional claim. In an Opinion dated September 29, 2004, the Court of Federal Claims construed Plaintiff's Amended Complaint as a second Rule 41 Motion and concluded that it lacked jurisdiction over the additional claim. Pursuant to its power under 28 U.S.C. § 1631, the Federal Claims court transferred the second Rule 41 Motion back to this Court for further proceedings. In its Opinion, the Court of Federal Claims noted that Plaintiff may well have a valid takings claim with regard to the additional property, but that a claim for just compensation is not ripe until this Court makes a final decision as to the merits of the second Rule 41 claim. *See Carter v. United States*, No. 03-1618C, slip op. at 11 (Fed. Cl. September 29, 2004).

After receiving the transferred second Rule 41 Motion, this Court issued an order stating that, after an initial review of the issues concerning Plaintiff's second Rule 41 Motion, the Court required further briefing from the parties in order to clarify the issues before this Court. In ordering the further briefing, the Court stated that Plaintiff would be required "to file with the Court his second Rule 41 motion and his memorandum in support of that motion by December 6, 2004." The Court also gave Defendant an opportunity to respond to the Motion and Plaintiff an opportunity to reply. The Court ordered this additional briefing in an attempt to clarify precisely what property Plaintiff is requesting and the reasons why Plaintiff believes he is entitled to that property. However, in ordering the additional briefing, the Court clearly erred in stating that Defendant must "file" his second Rule 41 Motion with the Court by December 6, 2004. In fact, Plaintiff's second Rule 41 Motion had already been filed with the Federal Court of Claims on October 21, 2003. The Federal Court of Claims transferred that Motion to this Court under the authority provided in 28 U.S.C. § 1631.[1] Thus, it was clear error for the Court to order Plaintiff to "file" his second Rule 41 Motion

---

[1]"Federal courts are authorized to transfer an action to the proper federal court in order to cure a want of jurisdiction." *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003). Indeed, "[t]he purpose of the transfer statute is to aid parties who might be confused about which court has subject matter jurisdiction, and to preserve their opportunity to present the merits of the claim, which if dismissed for filing in the wrong court might subsequently be barred by a statute of limitations." *Id.*

2

by December 6, 2004, because the second Rule 41 Motion had already been filed on October 21, 2003.

Defendant has moved to dismiss Plaintiff's second Rule 41 Motion. In support of its Motion to Dismiss, Defendant states that Plaintiff's second Rule 41 Motion is time-barred. For the reasons that follow, Defendant's Motion to Dismiss will be denied.[2]

## II.   STANDARD OF REVIEW

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss, the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002).

## III.   DISCUSSION

### A.   <u>Motion to Dismiss</u>

Defendant argues that Plaintiff's second Rule 41 Motion should be dismissed because it is barred by the statute of limitations. As Defendant acknowledges, Rule 41 does not set forth an applicable statute of limitations, and the Eighth Circuit has not yet set forth the applicable limitations

---

[2]In response to Plaintiff's December 6, 2004, submission, Defendant filed Government's Motion to Dismiss Plaintiff's Rule 41 Request for Return of Personal Property [doc. #28]. As a result of this Court's error described above, Defendant's Motion was erroneously docketed merely as a response to Plaintiff's second Rule 41 Motion, rather than as a Motion to Dismiss. The Court will order the Clerk of the Court to correct this error by properly docketing this filing as a Motion to Dismiss. The Court will now rule on the Motion to Dismiss, even though Plaintiff has not responded to the Motion. Because the Court has determined that dismissal is not warranted, Plaintiff is not prejudiced by the Court's decision to rule on the merits of Defendant's Motion without the benefit of briefing from Plaintiff.

3

period to be followed in this district. However, other circuits have applied a six-year statute of limitations to Rule 41 claims, in accordance with 28 U.S.C. 2401(a). *See United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004) (six-year statute of limitations in 28 U.S.C. § 2401(a) is appropriate); *United States v. Wright*, 361 F.3d 288 (5th Cir. 2004) (same); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001) (same). The six-year period runs from the conclusion of the criminal or civil forfeiture proceedings, or, if no such proceedings are initiated, from the expiration of the statute of limitations for filing such actions. *Sims*, 376 F.3d at 709. The rationale for this period of limitation is that, once criminal proceedings have concluded without the property having been forfeited, the claimant knows he has a present right to the property's return and should not be permitted to postpone his request for its return indefinitely. *Id.* at 708.

Contrary to Defendant's argument, Plaintiff's second Rule 41 Motion is not barred by the six-year statute of limitations period. Plaintiff's criminal proceeding concluded on January 12, 1998, when he was sentenced. Plaintiff's second Rule 41 Motion was filed on October 21, 2003, within the applicable six-year period. Therefore, Plaintiff's second Rule 41 Motion is not time-barred.

B.  Merits of Plaintiff's Motion

After reviewing Plaintiff's second Rule 41 Motion, the Court has determined that the Motion is most properly treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. In accordance with Federal Rule of Civil Procedure 56, a motion for summary judgment can be granted when no genuine dispute of material facts exist and the moving party is entitled to judgment as a matter of law. Under Local Rule 7-4.01(E), the moving party is required to submit a Statement of Uncontroverted Material Facts, setting forth in separately numbered paragraphs each fact, with appropriate citations to the record. The non-moving party is required to include a Statement of Material Facts as to which the party contends a genuine issue exists and is required to note for all disputed facts the paragraph number from the moving party's listing of facts. The Court then determines whether genuine issues of material facts exist and whether the parties are entitled to judgment as a matter of law.

4

Plaintiff has supported his second Rule 41 Motion with a Memorandum and accompanying exhibits. Plaintiff has not, however, submitted a Statement of Uncontroverted Material Facts. The Court hereby notifies the parties that it intends to determine whether any genuine disputes of material fact exist and whether Plaintiff is entitled to judgment as a matter of law based upon the record before it pursuant to Rule 56. The Court grants Plaintiff twenty days in which to supplement his second Rule 41 Motion with the Statement of Uncontroverted Material Facts required by the Local Rules, as described herein. In this twenty-day period, Plaintiff may also file any additional supporting documentation that Plaintiff believes helps to support his claim. Defendant is allowed twenty days from the date Plaintiff's supplemental materials are filed to file its opposition to the Motion for Summary Judgment.[3] Plaintiff will then be allowed five days to reply to Defendant's opposition. The Court will rule on the second Rule 41 Motion after the supplemental filings are received.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall docket Government's Motion to Dismiss Plaintiff's Rule 41 Request for Return of Personal Property [doc. #28] as a Motion to Dismiss.

**IT IS FURTHER ORDERED** that Government's Motion to Dismiss Plaintiff's Rule 41 Request for Return of Personal Property [doc. #28] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Return of Personal Property Pursuant to Rule 41(g) [doc. #25] shall be construed as a Motion for Summary Judgment. Plaintiff shall file a Statement of Uncontroverted Material Facts, in accordance with Local Rule 7-4.01(E), along with any other supplemental materials in support of his Motion for Summary Judgment, within

---

[3]In its Motion to Dismiss, Defendant states that, "[i]n the event that the Court denies the motion to dismiss, the Government requests additional time to make a factual inquiry regarding the alleged deficiency in the notice of administrative forfeiture . . . and whether the federal government had possession of all of the alleged property in light of the state seizure." If Defendant requires more than twenty days to respond to the Motion for Summary Judgment, Defendant may file a request for a specified amount of additional time, along with its reasons in support thereof.

**TWENTY (20)** days of the date of this Order. Defendant shall file its Opposition to the Motion for Summary Judgment within **TWENTY (20)** days of the date Plaintiff's supplemental materials are filed. Plaintiff shall file any Reply in support of the Motion for Summary Judgment within **FIVE (5)** days of the date Defendant's Opposition is filed.

Dated this 9th day of May, 2005.

							E. RICHARD WEBBER
							UNITED STATES DISTRICT JUDGE