UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAWDON CARTER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:02CV01256 ERW |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter comes before the Court upon Petitioner Brawdon Carter's Second Motion for Return of Personal Property Pursuant to Ruel 41(g) [doc. #25]. On November 15, 2004, the Court determined that Petitioner's Motion would be construed as a motion for summary judgment.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner was arrested on July 18, 1996, in Culver City, California after law enforcement officers initiated a vehicle stop upon seeing Petitioner drive away from his apartment. The officers arrested Petitioner pursuant to a federal arrest warrant based on his grand jury indictment in the United States District Court for the Eastern District of Missouri. Local law enforcement handled the arrest, and Detective Llewellyn, a St. Louis Metropolitan Police Officer, was present. A vehicle search was conducted pursuant to the arrest during which certain property was seized, including $14,470.00 in U.S. currency ("the currency"), which was contained in a metal briefcase, two cellular phones, an electronic address book, three pagers, a loaded handgun, and various bills and other personal papers belonging to Petitioner. On the same day, local law enforcement served a California

---

[1]Petitioner previously filed a separate Rule 41 Motion, which has already been ruled by the Court. That previously ruled Motion will be referred to as the "First Rule 41 Motion," and will be abbreviated "Fir. R. 41 Mtn." Petitioner's current Rule 41 Motion will be referred to as the "Second Rule 41 Motion," and will be abbreviated "Sec. R. 41 Mtn."

[2]Many of the facts set forth in this Court's April 25, 2003 Order are relevant for the purposes of the current Motion. The relevant facts are repeated here for the convenience of the reader.

1

search warrant at 9600 Lucerne Avenue, Apartment 26, Culver City, California ("Lucerne apartment"), which was being rented by Petitioner, where several items were seized, including a "Glory" money counter. Also on that same day, local law enforcement officers, along with a Drug Enforcement Administration ("DEA") agent and Detective Llewellyn, served a California search warrant at 6926 Kester Avenue, Apartment 1, Van Nuys, California ("Kester apartment"), another apartment rented by Petitioner. Numerous items, including a "Fridon" electronic digital scale, were seized from the Kester apartment. According to the property report filed by local law enforcement officers, "[a]ll items except for items 1 through 11 listed on the original property reports remained in the custody of Detective Llewellyn which he transported back to St. Louis, MO for the federal prosecution's case." Gov't Res. to Fir. R. 41 Mtn., Ex. 1 (Prop. Rep.) at 16. The only items that did not remain in the custody of Detective Llewellyn were as follows: (1) one watch, (2) one ring, (3) one bracelet, (4) one earring, (5) one chain, (6) one ring, (7) one currency envelope, (8) one receipt for item seven, (9) one currency envelope, (10) one receipt for item nine, and (11) two envelopes.[3] *Id.* at unnumbered pages following p. 16. In a December 30, 1996 Order denying Petitioner's Motion for Change of Venue in his criminal case, the Magistrate Judge noted that "[t]he items seized from the search warrants executed at the Lucerne residence [and] Kester residence . . . have been turned over to S. Louis law enforcement officers and are now located in St. Louis." Sec. R. 41 Mtn., Ex. A (Dec. 30, 1996 Order (Medler, M.)) at 4.

Petitioner was charged in federal court in a two-count Information with (1) conspiracy to distribute and possess with the intent to distribute cocaine[4] and (2) money laundering. On January

---

[3]The Court previously determined that Petitioner is entitled to the watch, rings, bracelet, earring, and chain. It appears that items seven through eleven are all items related to the seizure and storage of the currency.

[4]Count I included a criminal forfeiture provision, which stated that Petitioner "shall forfeit to the United States any and all interest he has in the following described properties which properties constituted, or were derived from, proceeds obtained by him . . . as a result of such violation as charged in [Count I] of th[e] indictment: (1) $14,470.00 in United States currency seized on July 18, 1996, (2) 1995 Volvo . . . , (3) 1992 BMW . . . , (4) 1994 Honda." *United States v. Carter*, 4:96CR00194 ERW, Information [doc. #59] at 3.

2

10, 1997, he pleaded guilty to both counts, and on January 12, 1998, he was sentenced to a term of 112 months on each count, to run concurrently. Petitioner subsequently filed his First Rule 41 Motion claiming that he was entitled to certain property that had been seized on the day of his arrest. In an Order dated April 25, 2003 ("First Rule 41 Order"), the Court determined that Petitioner was entitled to the return of certain property.[5] Because the Government no longer had the property to which Petitioner was entitled, the Court transferred Petitioner's claim to the United States Court of Federal Claims for further adjudication.

On October 21, 2003, Petitioner filed an Amended Complaint with the Court of Federal Claims, requesting the return of certain seized property that had not been the subject of his First Rule 41 Motion. In an Opinion dated September 29, 2004, the Court of Federal Claims construed Petitioner's Amended Complaint as a second Rule 41 Motion and concluded that it lacked jurisdiction over the additional claim. Pursuant to its power under 28 U.S.C. § 1631, the Federal Claims court transferred those claims which had not been part of Petitioner's First Rule 41 Motion back to this Court for further proceedings. *See Carter v. United States*, No. 03-1618C (Fed. Cl. September 29, 2004).

After initial briefing before this Court, the Government moved to dismiss Petitioner's Second Rule 41 Motion. In an Order dated May 9, 2005, the Court denied the Government's Motion to Dismiss. In that Order, the Court further determined that Petitioner's request for return of his property would be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court noted that, pursuant to Local Rule 7-4.01(E), Petitioner should submit a Statement of Uncontroverted Material Facts, and the Court gave Petitioner twenty days in which to file the required Statement.[6] The Court also noted that the Government should include in its response

---

[5]The Court found that Petitioner was entitled to the following property: six pieces of jewelry, a wallet, credit cards, pictures, $100 currency, two cellular phone charges, four cellular phones, and a laptop computer.

[6]Petitioner did not file a Statement of Uncontroverted Facts, but requested that his Motion be treated as a Statement.

a Statement of Material Facts as to which it contends a genuine issue exists, and the Court gave the Government time in which to file this Statement.

In his Second Rule 41 Motion, Petitioner claims that he is entitled to the return of certain property and that the Court should order that the Government immediately return the property. In its Opposition, the Government contends that there are disputes of material fact precluding summary judgment and that the Court should hold an evidentiary hearing on Petitioner's Second Rule 41 Motion.

## II.  LEGAL STANDARDS

### A.  Rule 41(g) Return of Property

Rule 41(g) of the Federal Rules of Criminal Procedure states in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.[7] The court must receive evidence on any factual issue necessary to decide the motion.

To recover property pursuant to Rule 41(g), a petitioner must first show that he has some interest in the property. *See United States v. Manelli*, 667 F.2d 695, 698-99 (8th Cir. 1981). Second, a petitioner must show that the Government is or was in possession of the property in question. *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). To satisfy this element of the test, a petitioner must show that the United States actually possessed the property or constructively possessed the property by "(1) using the property as evidence in the federal prosecution; or (2) where the federal government directed state officials to seize the property in the first place." *United States v. Story*, 170 F. Supp. 2d 863, 866 (D. Minn. 2001). Once the petitioner shows both his claim to the property and the government's possession of it, the burden shifts to the government to justify continued possession of the property by demonstrating that it is contraband, still needed as evidence, or subject

---

[7]By the terms of Rule 41(g), a motion for return of personal property should be filed in a jurisdiction where the property was seized, which, in the instant case, would be the Central District of California. However, as the Court explained in its First Rule 41 Order, this Court has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear Petitioner's Motion. *See Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995).

4

to forfeiture. *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002).

      B.      <u>Summary Judgment Standard</u>

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[8] Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts

---

[8]In the instant case, the Court has before it the file from Petitioner's criminal case, 4:96CR00194 ERW, as well as the file from the instant case, 4:02DCV01256 ERW, including all exhibits therein.

5

showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**III. DISCUSSION**

Petitioner contends that he is entitled to the return of the following property:

(1) one Halliburton metal briefcase
(2) two cellular phones, with brand names of "Sony" and "NEC"
(3) three pagers
(4) one electronic address book seized from vehicle
(5) one money counter, with the brand name of "Glory"
(6) one electronic scale, with the brand name of "Fridon"
(7) $14, 470.00 in U.S. currency
(8) one electronic address book seized from place of employment

A. <u>Items One through Six</u>

Items one through six were seized either from Petitioner's vehicle upon his arrest (briefcase, cellular phones, pagers, electronic address book), from his Lucerne apartment (money counter), or from his Kester apartment (electronic scale). This Court has previously found that Petitioner has established that he had lawful possession of the property seized from the two apartments rented by him. First Rule 41 Order at 5. Thus, Petitioner has established that he had lawful possession of items five and six, the money counter and electronic scale. The briefcase, cellular phones, pagers, and electronic address book were all seized from Petitioner's vehicle upon his arrest. These items were under Petitioner's control at the time they were seized, and they were seized along with various personal papers and bills bearing Petitioner's name. Thus, Petitioner has demonstrated that he has

6

an ownership interest in these items as well.

Because Petitioner has met his burden of establishing the non-existence of any genuine issue of fact regarding his ownership of items one through six, the burden shifts to the Government to set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue of Petitioner's ownership of those items. See *City of Mt. Pleasant*, 838 F.2d at 273; *Anderson*, 477 U.S. at 249. To meet its burden, the Government must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Other than a bare assertion that "[t]he Government contends that an issue remains regarding Plaintiff's possession and ownership of the seized items," the Government alleges no specific facts and provides no evidence which might suggest that Petitioner was not the owner of the seized items.[9] This bare assertion is insufficient to meet the standard imposed on the non-moving party under Rule 56. Accordingly, the Court finds that Petitioner has established ownership with respect to the first prong of the Rule 41 analysis for items one through six.

To succeed on his Motion, Petitioner must also demonstrate that the Government had possession of his property. According to the property report filed by local law enforcement, items one through six were transported to St. Louis by Detective Llewellyn as evidence in the federal prosecution against Petitioner. The Magistrate Judge's order also indicates that items seized from the apartments were transported to St. Louis. This is sufficient to establish constructive possession. Moreover, items one through four were seized in connection with Petitioner's arrest pursuant to a federal arrest warrant. This, too, establishes constructive possession. As this Court previously found, Petitioner can claim that the Government had constructive possession of his property. First Rule 41 Order at 5-6.

Because Petitioner has met his burden of establishing the non-existence of any genuine issue of fact regarding the Government's possession of items one through six, the burden shifts to the

---

[9]Indeed, in the Information, the Government specifically alleged that $14,470.00 in United States currency, which was seized along with items one through four during the search of Petitioner's vehicle, belonged to Petitioner.

7

Government to set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue of its possession of items one through six. *See City of Mt. Pleasant*, 838 F.2d at 273; *Anderson*, 477 U.S. at 249. To meet its burden, the Government must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Again, the Government fails to allege any specific facts or set forth any evidence which might establish the existence of a genuine issue of fact regarding the Government's possession of items one through six. The Government asserts that "all of the seized items were not in the custody of St. Louis Metropolitan Police Detective Llewellyn and transported back to St. Louis, Missouri." Gov't Opp. at 2. This assertion does not raise a genuine issue of material fact. First, there is no dispute that *some* of the seized items were not in the custody of Detective Llewellyn to be transported back to St. Louis. Indeed, the property report itself states that certain items were not transported to St. Louis. Thus, the Government's statement that not all of the seized items were transported to St. Louis does not raise a dispute. Second, the Government does not indicate which items it believes were not transported back to St. Louis, leaving the Court to speculate as to the specific items to which the Government is referring. Third, the Government provides no exhibits or other references to the record in support of its assertion. In short, this statement by the Government falls fall short of what is required under Rule 56 to raise a genuine issue of material fact. The Government also states that "a material issue remains regarding the custodial history of the seized items including where the items were seized and who seized the items." Gov't Opp. at 2. Again, the Government provides no specific facts, does not indicate the items to which it refers, and provides no evidence to contradict the property report, which clearly sets out where the items were seized, who seized them, and what happened to them upon seizure. Thus, this statement also falls short of what is required under the Federal Rules of Civil Procedure.[10]

---

[10]The Government also states that "the seized items were legally seized." Gov't Opp. at 2. This does not raise a genuine issue of material fact because Petitioner does not contend that the items were illegally seized, but only that he is entitled to their return. Further, the Government states that "a St. Louis DEA agent was not present during the execution of the two search warrants in California. The Government is not aware at the present time if a California DEA agent was

8

Because Petitioner has shown his claim to, and the Government's possession of, items one through six, the burden shifts to the Government to justify continued possession of the property by demonstrating that the items are contraband, still needed as evidence, or subject to forfeiture. *Vanhorn*, 296 F.3d at 719. The Government does not contend that items one through six are contraband, that they are still needed as evidence, or that they are subject to forfeiture. Therefore, the Government has failed to demonstrate that it is entitled to continued possession of the property, and the property must be returned to Petitioner.

B.   Items Seven and Eight

Petitioner claims that he is entitled to the return of the $14,470.00 in U.S. currency that was seized at the time of his arrest. First, Petitioner argues that the DEA attempted to administratively forfeit the currency, that he did not receive proper notice that the currency was being forfeited, and that the lack of notice constitutes a violation of his due process rights.[11] Second, Petitioner argues that the Government failed to move for a final order of forfeiture in his criminal case and that the lack of a final order of forfeiture "negates all seizure rights by the government." Sec. R. 41 Mtn. at 11. Petitioner does acknowledge that he agreed to forfeit the currency as part of his Plea Agreement, but argues that "this voluntary act did not include the recision of petitioner's right to appeal the forfeiture." *Id.* at 20. The Government responds by stating that "an issue remains regarding whether the $14,470.00 in U.S. currency was administratively forfeited by DEA, and if so whether Plaintiff Carter received notice and how notice was undertaken." Gov't Opp. at 2.[12]

---

present." This does not raise a genuine issue of material fact because whether a St. Louis or California DEA agent was present during the execution of the two California search warrants is immaterial to Petitioner's ability to establish constructive possession of the seized items.

[11]This argument appears to track the analysis in the First Rule 41 Order that the Government's effort to administratively forfeit Petitioner's jewelry was void because the notice provided to Petitioner was insufficient.

[12]The Government's rationale for making this argument is not immediately apparent to the Court. It appears that, in attempting to raise a factual dispute regarding whether the $14,470.00 was administratively forfeited, the Government is responding to Petitioner's contention that the effort to administratively forfeit the currency was void. As explained in this Memorandum and Order, factual disputes regarding the administrative forfeiture of the $14,470.00 are immaterial because

9

A review of Petitioner's criminal file indicates that the currency was forfeited pursuant to 21 U.S.C. § 853. Pursuant to this statute, property which constitutes proceeds from certain criminal activity is subject to criminal forfeiture. *See* 21 U.S.C. § 853(a). Under the statute, "[a]ll right, title, and interest" in this property "vests in the United States upon the commission of the act giving rise to forfeiture." *Id.* at § 853(c). The statute sets forth a procedure by which third parties with an interest in the seized property can bring their claims before the court. *See id.* at § 853(n). After the court has disposed of all such third-party claims, or if no such claims are filed within the time set forth in the statute, the Government "shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Id.* at § 853(n)(7). "A criminal judgment of conviction that includes a forfeiture count conclusively determines the property rights as between the government and the criminal defendant." *United States v. Puig*, -- F.3d --, 2005 WL 1869042 at *2 (8th Cir. Aug. 9, 2005).

Count I of the Information provided that, as a result of Petitioner's conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), the currency, among other things, was criminally forfeited. *United States v. Carter*, 4:96CR00194 ERW, Information [doc. #59] at 3. In his Plea Agreement signed January 10, 1997, Petitioner indicated his agreement to forfeiture of the currency.[13] On that same day, Petitioner, individually and through his counsel, entered into a Consent Decree of Forfeiture with the Government, in which the parties agreed that the currency was knowingly and voluntarily forfeited and that the currency was property constituting or derived from proceeds which Petitioner obtained directly or indirectly as a result of his cocaine activity. *United States v. Carter*, 4:96CR00194 ERW, Consent Decree [doc. #65]. Also

---

Petitioner's criminal file indicates that the currency was subsequently criminally forfeited pursuant to 21 U.S.C. § 853.

[13]Specifically, Petitioner agreed as follows: "Defendant Brawndon Carter agrees to enter a plea to the criminal forfeiture provisions contained in Court I and to consent to forfeit all properties enumerated and to fully facilitate the Government by executing all documents necessary for forfeiture of the properties. *United States v. Carter*, 4:96CR00194 ERW, Stip. of Facts Rel. to Sent. [doc. #62] at 1.

10

on January 10, 1997, the court entered a Preliminary Order of Forfeiture, indicating that Petitioner had pled guilty to the Information, that he had entered into a consent decree with the Government, and that, by virtue of his plea, the Government was entitled to possession of the currency. *United States v. Carter*, 4:96CR00194 ERW, Prelim. Order of Forf. [doc. #64] at 1. Thus, based on the record before the Court, it is clear that Petitioner has no ownership interest in the currency. Petitioner lost his ownership interest in the currency as a result of his decision to plead guilty to Count I of the Information. The ownership rights of the currency as between the Government and Petitioner have been conclusively determined, and it is clear that Petitioner is not entitled to the property. *See Puig*, 2005 WL 1869042 at *2.[14]

Petitioner also claims that he is entitled to the return of an electronic address book that was seized from his place of employment. However, Petitioner provides no evidence that an electronic address book was seized from his place of employment, and the Court has found nothing in the record before it to indicate that such a seizure took place. Moreover, there is nothing in the record on which Petitioner can rely to establish that the Government either actually or constructively possessed the electronic address book. There is no evidence as to who seized the electronic address book, upon what authority it was seized, or whether it was transported to St. Louis with the rest of Petitioner's property. Therefore, the Court finds that Petitioner has failed to meet his burden under Rule 41, and he is not entitled to the return of the electronic address book seized from his place of employment.

---

[14]Because the Court has determined that the currency was criminally forfeited, it need not reach the parties' arguments regarding the administrative forfeiture of the currency. Clearly, whatever attempts there may have been to administratively forfeit the currency prior to Petitioner's criminal conviction are of no import in light of the fact that the currency was subsequently criminally forfeited. Moreover, the Court need not reach Petitioner's argument regarding a lack of final order of forfeiture. From the record, it appears that there were no third-party claims made with respect to the currency. In any event, such a failure would not entitle Petitioner to return of the currency. See United States v. Hatcher, 323 F.3d 666, 673 (8th Cir. 2003) (failure to enter a final order of forfeiture amounts to a clerical error that the issuing court retains the jurisdiction to correct); Fed. R. Crim. P. 32.2(c)(2) ("If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute.")

**IV.    CONCLUSION**

In this Court's First Rule 41 Order, the Court found that Petitioner was entitled to the return of certain property, that the Government was unable to produce the property, and that Petitioner's claim should be transferred to the Court of Federal Claims where he could pursue a Tucker Act claim based on an uncompensated taking under the Fifth Amendment. First Rule 41 Order at 9. The Court has now determined that, in addition to the items enumerated in the first Rule 41 Order, Petitioner is also entitled to the following property: (1) one Halliburton metal briefcase; (2) two cellular phones, with brand names of "Sony" and "NEC"; (3) three pagers; (4) one electronic address book seized from vehicle; (5) one money counter, with the brand name of "Glory"; and (6) one electronic scale, with the brand name of "Fridon." In its briefing in response to Petitioner's First Rule 41 Motion, the Government indicated that it did not have Petitioner's property and that it did not know the whereabouts of the requested property. It appears to the Court that it was the Government's position at that time that it did not have any of Petitioner's property. The Government has given no indication that circumstances have changed, and the Court is left to conclude that the Government officials do not currently have items one through six, listed above, or know the whereabouts of those items. Thus, the Court will transfer Petitioner's Second Rule 41 Motion to the Court of Federal Claims for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Brawdon Carter's Second Motion for Return of Personal Property Pursuant to Rule 41(g) [doc. #25] is **GRANTED**, **in part**, **DENIED**, **in part**, and **TRANSFERRED**, **in part**. Said Motion is **TRANSFERRED** to the United States Court of Federal Claims for further consideration.

Dated this 22nd day of August, 2005.

_E. Richard Webber_
————————————————
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE